IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| LAMARCUS T. WILLIAMS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-00001-SNLJ |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on petitioner Lamarcus T. Williams's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1). For the reasons stated below, the Court will deny the motion without an evidentiary hearing because the record conclusively establishes that petitioner is not entitled to relief.

**I. BACKGROUND**

Following a traffic stop on August 29, 2020, Williams was charged with Unlawful Use of a Weapon in the Circuit Court of Cape Girardeau County. *United States v. Williams*, 1:20-cr-00161-SNLJ (E.D. Mo.) (Doc. 33 at ¶ 12).[1] During the traffic stop, officers found a Glock, Model 23, .40 caliber S&W semi-automatic pistol along with approximately 7 grams of marijuana in a crossbody bag Williams was wearing. (*Id.*). The firearm was

---

[1] All citations to the record refer to the underlying criminal case, *United States v. Williams*, 1:20-cr-00161-SNLJ (E.D. Mo.), except as otherwise noted.

1

loaded with 17 rounds of ammunition in the magazine and a round in the chamber. (*Id.*). Williams was incarcerated in the Cape Girardeau County jail. (*Id.*). On September 14, 2020, a parole detainer was issued for Williams in the Circuit Court of New Madrid County, Case No.: 15NM-CR00811 and, on September 29, 2020, the parole board ordered him returned for revocation.[2] (Doc. 7 at 3).

On October 6, 2020, Williams was indicted by the Grand Jury for the Eastern District of Missouri on a charge of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1) for the gun he possessed on August 29, 2020.[3] (Doc. 1). He was arrested on that charge on October 20, 2020, and entered a plea of guilty to the charge on January 5, 2021. (Doc. 22). The Presentence Investigation Report prepared by the U.S. Probation Office calculated a sentencing guideline range of 57 to 71 months imprisonment. (Doc. 33 at ¶ 64; Doc. 41 at 3). This Court sentenced Williams on April 8, 2021 to a term of 64 months imprisonment with that sentence to run ***consecutive*** to any sentence imposed in the parole revocation under New Madrid County Case No. 15NM-CR00811. (Doc. 36; Doc. 41 at 7-8).

Williams returned to the Missouri Department of Corrections on April 16, 2021, to serve out his undischarged state term of imprisonment. On September 10, 2021, Williams

---

[2] The parole detainer stems from a September 21, 2017 conviction for Assault in the Second Degree in the Circuit Court of New Madrid County, Missouri. (Doc. 33 at ¶ 34). Williams received a sentence of 7 years imprisonment in the Missouri Department of Corrections and was later paroled on December 20, 2019. (*Id.*). He was on parole at the time of the August 29, 2020 gun possession.

[3] The Cape Girardeau County case was later dismissed in lieu of federal prosecution.

2

Case: 1:22-cv-00001-SNLJ   Doc. #: 4   Filed: 11/01/24   Page: 3 of 9 PageID #: 27

was paroled from state custody and placed into federal custody to begin service of his 64 months sentence. The time Williams spent in custody from October 20, 2020 through September 10, 2021 was credited toward his state sentence in New Madrid County Case No. 15NM-CR00811.

### *28 U.S.C. § 2255 Motion*

Williams filed the instant motion under § 2255 on January 3, 2022. His sole claim for relief is that his counsel was ineffective for failing to ensure that he receive credit for 11 months of incarceration towards his 64 months federal sentence. He seeks credit from October 20, 2020, the date he was arrested on the federal Indictment, through September 10, 2021, the date he was returned to federal custody to begin service of the 64 months sentence.

## II. LEGAL STANDARDS

### *28 U.S.C. § 2255*

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on grounds that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Section 2255 is not designed to provide a remedy for "all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To obtain relief under § 2255, the petitioner must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974

3

(8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)). The petitioner bears the burden of proof as to each asserted ground for relief. *Golinveaux v. United States*, 915 F.3d 564, 567 (8th Cir. 2019).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion unless "the motion, files, and records of the case conclusively show that the movant is not entitled to relief." *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)). The motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. U.S.*, 68 F.3d 238, 240 (8th Cir. 1995).

### *Ineffective Assistance of Counsel Claims*

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove a claim of ineffective assistance of counsel, the petitioner must show that his counsel did not perform to the degree of skill of a reasonably competent attorney, and as a result, he was prejudiced. *Id.* at 687. Failure to satisfy either of the *Strickland* prongs [performance or prejudice] is fatal to the claim. *Kingsberry v. United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) ("If the petitioner makes an insufficient showing on one component, the court need not address both components.").

"*Strickland*'s first prong sets a high bar." *Buck v. Davis*, 580 U.S. 100, 118 (2017). The Court "will not find an attorney's performance constitutionally deficient unless it is

4

outside the "wide range of reasonable professional assistance." *Love v. United States*, 949 F.3d 406, 410 (8th Cir. 2020) (citing *Strickland*, 466 U.S. at 689). "It is only when the lawyer's errors were so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment that *Strickland*'s first prong is satisfied." *Id.* (citing *Buck*, 580 U.S. at 118-119). The Court makes "every effort to eliminate the "distorting effects of hindsight" and consider performance from counsel's perspective at the time." *Id.* (quoting *Strickland*, 466 U.S. at 689). The starting point for this analysis is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Rodela-Aguilar v. United States*, 596 F.3d 457, 461 (8th Cir. 2010) (internal citation omitted). A petitioner "bears the burden to overcome the strong presumption that counsel's performance was reasonable." *Thomas v. United States*, 737 F.3d 1202, 1207 (8th Cir. 2013).

A court need not determine whether a movant meets the performance prong of *Strickland*, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Strickland*, 466 U.S. at 697. "[T]he prejudice prong requires proof that there is a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different." *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir. 1995) (internal citation and quotation marks omitted). This inquiry depends on the likelihood of success if the alleged error were corrected." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### III. DISCUSSION

Williams was in state custody in the Cape Girardeau County Jail beginning August

29, 2020 for the state charge of Unlawful Use of a Weapon. On September 14, 2020, the Missouri Board of Probation and Parole issued a DOC warrant on Williams in New Madrid County Case No.: 15NM-CR00811 and, on September 29, 2020, the parole board ordered him returned for revocation. (Doc. 7). When a detainee is transferred from state custody to federal custody pursuant to a writ of habeas corpus ad prosequendum, he is not considered to have been received into federal custody for purposes of federal sentencing law. Rather, he is considered to be on loan from the state. *United States v. Cole*, 416 F.3d 894, 896-897 (8th Cir. 2005) ("If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign."). "As between the state and federal sovereigns, primary jurisdiction over a person is generally determined by which one first obtains custody of, or arrests, the person." *Id.* at 897. "Primary jurisdiction continues until the first sovereign relinquishes its priority in some way. Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail, 2) dismissal of charges, 3) parole, or 4) expiration of sentence." *Id.*

Although Williams was brought into federal custody on October 20, 2020, he was merely on loan from the state. He remained on loan from the state until his federal sentencing and official return to the state on April 16, 2021. During the time Williams spent in "federal custody" between indictment and sentencing, the State of Missouri did not relinquish its jurisdiction and right of custody over Williams, rather, it allowed the federal government to temporarily detain him for the purpose of prosecuting federal criminal charges against him.

Williams served his state sentence until his release to federal custody on September 10, 2021 to begin service of his federal sentence. "A sentence to a term of [federal] imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Further, calculation of a federal term of imprisonment is governed by 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any charge for which the defendant was arrested after commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

In light of the foregoing, Williams has not shown that his counsel committed error because he did not get credit against his federal sentence for the time spent in state custody. Counsel cannot be ineffective for failing to ensure that Williams receive credit for time served that he was not entitled to receive in the first place.

Further, Williams has not shown prejudice to satisfy the second prong of the *Strickland* test. In the sentencing context, prejudice exists where the deficient performance affected a defendant's sentence. *Coleman v. United States*, 750 F.3d 734, 739 (8th Cir. 2014), (quoting *Jeffries v. United States*, 721 F.3d 1008, 1014 (8th Cir. 2013) (stating that

prejudice in the context of sentencing is proven "by demonstrate[ing] a reasonable probability that his sentence would have been different but for the deficient performance."). Williams was sentenced to 64 months imprisonment, the middle of his 57 to 71 months guideline range. This Court carefully considered Williams' Sentencing Memorandum and the arguments counsel made on his behalf, including counsel's request for concurrent time. After careful consideration, this Court saw fit to order Williams' sentence to be served consecutively, and not concurrently, to his state parole revocation.

Even if Williams' counsel had failed to request concurrent time, Williams would not be entitled to relief. Several cases have addressed the issue of whether petitioner was denied effective assistance of counsel where counsel failed to request a concurrent sentence, holding the mere possibility the court would award a concurrent sentence upon request, was not sufficient to show actual prejudice. *Welker v. United States*, 2009 WL 77139, at * 2 (E.D. Mo. Jan. 9, 2009). "Prejudice exists only if there is a reasonable probability that the outcome would have been different had counsel's performance been adequate." *Forsyth v. Ault*, 537 F.3d 887, 891 (8th Cir. 2008). "A court's decision to run a sentence concurrently or consecutively under U.S.S.G. § 5G1.3(c) is left to the discretion of the court. Because such a decision is discretionary, there is only a possibility, not a reasonable probability, that a court would impose a concurrent rather than a consecutive sentence if a motion under U.S.S.G. § 5G1.3(c) is properly raised. A 'mere possibility of prejudice' does not meet the actual prejudice threshold needed to establish an ineffective assistance of counsel claim." *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir. 1996). As such, the threshold requirement for prejudice has not been met.

8

## IV. CONCLUSION

Williams has not demonstrated any errors by counsel that fall outside the wide range of reasonable professional assistance. Nor has he established any prejudice that he suffered as a result of any alleged deficiencies in counsel's performance. Further, he is not entitled to a hearing on the instant motion because the record conclusively establishes that petitioner is not entitled to relief.

**ACCORDINGLY,**

**IT IS HEREBY ORDERED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is **DENIED** without a hearing and this matter is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability as to any of the claims raised in the § 2255 motion because petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

**SO ORDERED** on this _1st_ day of November, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE